J. BRUCE ALVERSON, ESQ.
Nevada Bar No. 1339
KARIE N. WILSON, ESQ.
Nevada Bar No. 7957
**ALVERSON TAYLOR & SANDERS**
6605 Grand Montecito Pkwy, Ste. 200
Las Vegas, NV 89149
702-384-7000 Phone
702-385-7000 Fax
Attorneys for Defendants

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

GAYLE JONES,

Plaintiff,

v.

JAMES BRANDENBURG, individually;
MERCER TRANSPORTATION CO., INC., a
foreign corporation; DOES I-X; and ROE
CORPORATIONS INC.,

Defendants.

CASE NO:

## DEFENDANT MERCER TRANSPORTATION CO., INC.'S NOTICE OF REMOVAL

TO:     DEBRA KEMPI, Clerk, United States District Court for the District of Nevada

PLEASE TAKE NOTICE that Defendant MERCER TRANSPORTATION CO., INC. hereby removes to this Court the state court action entitled "GAYLE JONES, Plaintiff v. JAMES BRANDENBURG, individually; MERCER TRANSPORTATION CO., INC., a foreign corporation; DOES I-X; and ROE CORPORATIONS INC., Defendants," Case No. A-19-806022-C filed in the Eighth Judicial District Court for the State of Nevada, County of Clark. A copy of the Complaint is attached hereto as Exhibit A. The grounds for removal are:

. . .

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149
(702) 384-7000

KNW 26490

1    1.    This Court has original subject matter jurisdiction over this action pursuant to 28

2 U.S.C. § 1332 and 28 U.S.C. §§ 1441(a)-(c), in that it is a civil action between Plaintiff, a citizen

3 of Nevada, Defendants who are citizens of diverse residency, neither of which reside in Nevada,

4 and the matter in controversy exceeds $75,000.00, exclusive of interest and costs, as set forth

5 below.

6    2.    Based upon information and belief, Plaintiff GAYLE JONES is a citizen of Clark

7 County, Nevada, as indicated in the State of Nevada Traffic Crash Report. Plaintiff erroneously

8 indicated in her Complaint she was a resident of Acadia Parish, Louisiana. See Complaint ¶ 1.

9    3.    Defendant JAMES BRANDENBURG is a resident of the State of Louisiana, as

10 indicated in the State of Nevada Traffic Crash Report. Plaintiff erroneously indicated in her

11 Complaint that Defendant Brandenburg was a resident of Clark County, Nevada. See Complaint

12 ¶ 2.

13    4.    Defendant MERCER TRANSPORTATION CO., INC. is a corporation

14 incorporated in Indiana, with its principal place of business in Louisville, Kentucky.

15    5.    The Defendants sued as DOES I through X, inclusive and ROE

16 CORPORATIONS I through X, inclusive, are fictitious parties and not relevant to the

17 determination of subject matter jurisdiction. See 28 U.S.C. § 1441(a) (stating "For purposes of

18 removal under this chapter, the citizenship of defendants sued under fictitious names shall be

19 disregarded").

20    6.    Based upon information and belief, the amount in controversy, exclusive of

21 interest and costs, exceeds $75,000.00. Upon information and belief, Plaintiff GAYLE JONES

22 has incurred approximately $73,000.00 in past medical damages which she believes were related

23 to the subject collision. She was also provided a surgical recommendation for anterior cervical

24 discectomy and fusion at C5-6 and C6-7, with an estimated cost of $327,770.00. It is therefore

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149
(702) 384-7000

KNW 26490

expected that Plaintiff's medical damages and the amount in controversy exceed the jurisdictional requirement.

7.      Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a)-(b) and Local Rule 8-1. This action was originally brought in the Eighth Judicial District for Clark County, State of Nevada.

8.      This notice of removal is timely filed within thirty (30) days after receipt of the paper that makes this case removable as required by 28 U.S.C. § 1446(b), in that it is filed within thirty (30) days following the service of the Summons and Complaint. Defendant MERCER TRANSPORTATION, CO., INC. was served with the Complaint on December 9, 2019. Upon information and belief, Defendant BRANDENBURG has not been served with the Summons and Complaint.

12.     Pursuant to 28 U.S.C. 1446(d), Defendant has prepared and will file with the Clerk of the Eighth Judicial District Court a Notice of Removed Action.

Dated the 16th day of December, 2019.

ALVERSON TAYLOR & SANDERS

J. BRUCE ALVERSON, ESQ.
Nevada Bar No. 1339
KARIE N. WILSON, ESQ.
Nevada Bar No. 7957
6605 Grand Montecito Pkwy, Ste. 200
Las Vegas, NV 89149
702-384-7000 Phone
702-385-7000 Fax
Attorneys for Defendants

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149
(702) 384-7000

KNW 26490

**CERTIFICATE OF ELECTRONIC SERVICE**

I certify that on the 16th day of December, 2019, service of the above and foregoing **DEFENDANTS' NOTICE OF REMOVAL** was made by electronically filing a true and correct copy of the same to each party addressed as follows:

Paul D. Powell, Esq.
paul@tplf.com
Michael A. Kristof, Esq.
mkristof@tplf.com
THE PAUL POWELL LAW FIRM
8918 Spanish Ridge Ave., Ste. 100
Las Vegas, NV 89148
702-728-5500 Phone
702-728-5501 Fax

_____
Employee of ALVERSON TAYLOR & SANDERS

n:\bruce.grp\z-client\26490\pleadings\notc removal.docx

**ALVERSON TAYLOR & SANDERS**
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149
(702) 384-7000

4

KNW 26490

EXHIBIT A

Electronically Filed
11/25/2019 12:57 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
Paul D. Powell, Esq.
Nevada Bar No. 7488
Michael A. Kristof, Esq.
Nevada Bar No. 7780
Jared D. Powell, Esq.
Nevada Bar No. 15086
The Paul Powell Law Firm
8918 Spanish Ridge Avenue, Suite 100
Las Vegas, Nevada 89148
paul@tplf.com
mkristof@tplf.com
jared@tplf.com
Phone: (702) 728-5500
Facsimile: (702) 728-5501

Attorneys for Plaintiff

CASE NO: A-19-806022-C
Department 23

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| GAYLE JONES, | ) |
| | ) CASE NO. |
| Plaintiff, | ) DEPT. NO. |
| vs. | ) |
| | ) |
| JAMES BRANDENBURG, individually; | ) **COMPLAINT** |
| MERCER TRANSPORTATION CO., INC., a | ) |
| foreign corporation; DOES I-X, and ROE | ) |
| CORPORATIONS INC. | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff GAYLE JONES by and through her attorney of record, PAUL D. POWELL, ESQ.,

of THE PAUL POWELL LAW FIRM, complains against Defendants JAMES BRANDENBURG

and MERCER TRANSPORTATION CO., INC. as follows:

### GENERAL ALLEGATIONS

1.    Plaintiff GAYLE JONES (hereinafter "Plaintiff") is, and at all times mentioned

herein, was, a resident of the County of Acadia Parish, State of Louisiana.

2. Defendan JAMES BRANDENBURG is, and at all times mentioned herein, was, a resident of County of Clark, State of Nevada.

3. Defendant MERCER TRANSPORTATION CO., INC. is, and at all times mentioned herein, was, a foreign corporation, licensed to do business in the County of Clark, State of Nevada.

4. The true names and capacities of the Defendants designated herein as Doe or Roe Corporations are presently unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names. When the true names and capacities of these Defendants are ascertained, Plaintiff will amend this Complaint accordingly.

5. At all times pertinent, Defendants were agents, servants, employees or joint venturers of every other Defendant herein, and at all times mentioned herein were acting within the scope and course of said agency, employment, or joint venture, with knowledge and permission and consent of all other named Defendants.

6. Defendant JAMES BRANDENBURG is, and at all times mentioned herein, was, the operator of a 2013 Freightliner semi truck tractor, Nevada plate no. P907911 (hereinafter "Vehicle").

7. Upon information and belief, Defendant MERCER TRANSPORTATION CO., INC. is was, at all times mentioned herein, the owner of the Vehicle.

8. At all times mentioned herein, Defendant JAMES BRANDENBURG was driving Defendant MERCER TRANSPORTATION CO., INC.'s is vehicle with permission from Defendant MERCER TRANSPORTATION CO., INC.

9. On December 20, 2018 in Clark County, Nevada, Defendant JAMES BRANDENBURG was the driver of a vehicle owned by Defendant MERCER

TRANSPORTATION CO., INC. – while in the course and scope of his employment with MERCER TRANSPORTATION CO., INC. – and negligently caused a crash with Plaintiff. Plaintiff reserves the right to name additional MERCER TRANSPORTATION CO., INC. employees as the driver of the vehicle at the time of the crash.

10.   As a direct and proximate result of Defendant JAMES BRANDENBURG's negligence, Plaintiff sustained injuries to Plaintiff's shoulders, back, bodily limbs, organs and systems, all or some of which conditions may be permanent and disabling, and all to Plaintiff's damages in a sum in excess of $15,000.00.

11.   As a direct and proximate result of Defendant JAMES BRANDENBURG's negligence, Plaintiff received medical and other treatment for the aforementioned injuries, and that said services, care and treatment are continuing and shall continue in the future, all to the damages of Plaintiff.

12.   As a direct and proximate result of Defendant JAMES BRANDENBURG's negligence, Plaintiff has been required to, and has limited occupational and recreational activities, which have caused and shall continue to cause Plaintiff loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life, in a presently unascertainable amount.

13.   As a direct and proximate result of the aforementioned negligence of all Defendants, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

## FIRST CAUSE OF ACTION

14.   Plaintiff incorporates paragraphs 1 through 13 of the Complaint as though said paragraphs were fully set forth herein.

15.   Defendant Brandenburg owed Plaintiff a duty of care to operate the Vehicle in a reasonable and safe manner. Defendant Brandenburg breached that duty of care by striking Plaintiff's vehicle.

16.   The acts of Defendant as described herein violated the traffic laws of the State of Nevada and Clark County.

17.   Plaintiff is in the class of individuals who are meant to be protected pursuant to the statue(s) violated by Defendant.

18.   Defendant's actions and statutory violation constitute negligence per se.

19.   Defendant JAMES BRANDENBURG was an employee of Defendant MERCER TRANSPORTATION CO., INC. at the time of the acts complained of herein.

20.   Defendant JAMES BRANDENBURG was in the course and scope of his employment with Defendant MERCER TRANSPORTATION CO., INC. at the time of the acts complained of herein.

21.   Because Defendant JAMES BRANDENBURG was in the course and scope of his employment with Defendant MERCER TRANSPORTATION CO., INC. at the time of the crash, Defendant MERCER TRANSPORTATION CO., INC. is liable for Defendant JAMES BRANDENBURG's actions based on the doctrine of respondeat superior.

22.   As a direct and proximate result of the negligence of Defendant Brandenburg, Plaintiff has been damaged in an amount in excess of $15,000.00.

## SECOND CAUSE OF ACTION

23.   Plaintiff incorporates paragraphs 1 through 22 of the Complaint as though said paragraphs were fully set forth herein.

24.   Defendant MERCER TRANSPORTATION CO., INC. was the owner, or had custody and control of the Vehicle. Defendant MERCER TRANSPORTATION CO., INC. did entrust the Vehicle to the control of Defendant JAMES BRANDENBURG.

25.   Defendant JAMES BRANDENBURG was incompetent, inexperienced, or reckless in the operation of the Vehicle.

26.   Defendant MERCER TRANSPORTATION CO., INC. actually knew, or by the exercise of reasonable care, should have known, that Defendant JAMES BRANDENBURG incompetent, inexperienced, or reckless in the operation of motor vehicles.

27.   Plaintiff was injured as a proximate consequence of the negligence and incompetence of Defendant JAMES BRANDENBURG.

28.   As a direct and proximate cause of the negligent entrustment of the Vehicle by MERCER TRANSPORTATION CO., INC. to Defendant JAMES BRANDENBURG, Plaintiff has been damaged in an amount in excess of $15,000.00.

WHEREFORE, Plaintiff expressly reserves the right to amend this Complaint prior to or at the time of trial of this action, to insert those items of damage not yet fully ascertainable, and pray judgment against all Defendants, and each of them, as follows:

1.   For general damages sustained by Plaintiff in an amount in excess of $15,000.00;

2.   For special damages sustained by Plaintiff in an amount in excess of $15,000.00;

3.  For property damages sustained by Plaintiff;

4.  For reasonable attorney's fees and costs;

5.  For interest at the statutory rate; and

6.  For such other further relief as the Court deems just and proper.

DATED this 25th day of November, 2019.

THE PAUL POWELL LAW FIRM

*/s/ Michael A. Kristof*

_____
Paul D. Powell, Esq.
Nevada Bar No. 7488
Michael A. Kristof, Esq.
Nevada Bar No. 7780
Jared D. Powell, Esq.
Nevada Bar No. 15086
The Paul Powell Law Firm
8918 Spanish Ridge Avenue, Suite 100
Las Vegas, Nevada 89148