J. BRUCE ALVERSON, ESQ.
Nevada Bar No. 1339
KARIE N. WILSON, ESQ.
Nevada Bar No. 7957
**ALVERSON TAYLOR & SANDERS**
6605 Grand Montecito Pkwy, Ste. 200
Las Vegas, NV 89149
702-384-7000 Phone
702-385-7000 Fax
Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| GAYLE JONES,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JAMES BRANDENBURG, individually;<br>MERCER TRANSPORTATION CO., INC., a<br>foreign corporation; DOES I-X; and ROE<br>CORPORATIONS INC.,<br><br>　　　　Defendants. | CASE NO:　2:19-cv-02154-JAD-VCF |

## STIPULATION AND PROPOSED ORDER TO EXTEND DISCOVERY

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff GAYLE JONES and Defendants MERCER TRANSPORTATION CO. INC., and JAMES BRANDENBURG, by and through their respective counsel of record, that the parties be permitted to extend the discovery period for a period of sixty (60) days. This case has not yet been set for trial

I. **INTRODUCTION**

This case arises from a motor vehicle accident that occurred on December 20, 2018, in Clark County, Nevada. In her Complaint, filed on November 25, 2019, Plaintiff asserted claims

1

KNW 26490

of negligence and negligent entrustment of vehicle against Defendants. Pursuant to the Scheduling Order issued January 17, 2020, the parties had until November 16, 2020 to disclose rebuttal expert witnesses and the last day to complete discovery is December 14, 2020. Dispositive motions and motions in limine must be filed no later than January 13, 2021. In accordance with L.R. 26-3, any stipulation or motion for modification or extension of this discovery plan and scheduling order must be made no later than 21 days before the discovery cut-off date. Therefore, any such stipulations or motions for the close of discovery shall be made not later than Monday, November 23, 2020. The rebuttal expert disclosure deadline has passed. A request made after the expiration of the subject deadline may be granted if the parties demonstrate that the failure to act was the result of excusable neglect.

II. COMPLETED DISCOVERY

The parties have served and conducted the following discovery:

- Defendants James Brandenburg and Mercer Transportation Co., Inc.'s Initial Disclosures Pursuant to F.R.C.P. 26(A)(1), served on January 16, 2020;

- Defendant Mercer Transportation Co., Inc.'s First Set of Requests for Production of Documents to Plaintiff Gayle Jones, served January 17, 2020;

- Defendant Mercer Transportation Co., Inc.'s First Set of Interrogatories to Plaintiff Gayle Jones, served January 17, 2020;

- Plaintiff's Early Case Conference List of Witnesses and Documents Pursuant to FRCP 26(a)(1), served January 27, 2020;

- Defendants' First Supplement to Their Disclosures Pursuant to F.R.C.P. 26(A)(1), served on February 11, 2020;

- Plaintiff's Answers to Defendant Mercer Transportation Co., Inc.'s First Set of Interrogatories, served April 10, 2020;

2

KNW 26490

- Plaintiff's Responses to Defendant Mercer Transportation Co., Inc.'s First Set of Requests for Production of Documents, served April 10, 2020;

- Defendants' Second Supplement to their Initial Disclosures Pursuant to F.R.C.P. 26(A)(1), served on April 23, 2020;

- Plaintiff's First Set of Requests for Admission to Defendant James Brandenburg, served on May 5, 2020;

- Plaintiff's First Set of Interrogatories to Defendant James Brandenburg, served on May 5, 2020;

- Plaintiff's First Set of Requests for Production of Documents to Defendant James Brandenburg, served on May 5, 2020;

- Plaintiff's First Set of Interrogatories to Defendant Mercer Transportation Co., Inc., served on May 5, 2020;

- Plaintiff's First Set of Requests for Admission to Defendant Mercer Transportation Co., Inc., served on May 5, 2020;

- Plaintiff's First Set of Requests for Production of Documents to Defendant Mercer Transportation Co., Inc., served on May 5, 2020;

- Defendants' Third Supplement to their Initial Disclosures Pursuant to F.R.C.P. 26(A)(1), served on May 8, 2020;

- Plaintiff's First Supplement to Initial Early Case Conference List of Witnesses and Documents Pursuant to FRCP 26(a)(1), served on May 19, 2020;

- Defendant Mercer Transportation Co., Inc.'s Answers to Plaintiff's First Set of Interrogatories, served June 10, 2020;

- Defendant Mercer Transportation Co., Inc.'s Responses to Plaintiff's First Set of Requests for Production of Documents, served June 18, 2020;

KNW 26490

- Defendant Mercer Transportation Co., Inc.'s Responses to Plaintiff's First Set of Requests for Admission, served June 18, 2020;

- Defendant James Brandenburg' Answers to Plaintiff's First Set of Interrogatories, served June 26, 2020;

- Defendant James Brandenburg' Responses to Plaintiff's First Set of Requests for Admission, served June 26, 2020;

- Defendant James Brandenburg' Responses to Plaintiff's First Set of Requests for Production of Documents, served June 26, 2020;

- The deposition of Plaintiff Gayle Jones, conducted on June 18, 2020;

- Plaintiff's deposition of Officer Geoffrey Campbell, conducted on July 15, 2020;

- Plaintiff's Second Supplement to Initial Early Case Conference List of Witnesses and Documents Pursuant to FRCP 26(a)(1);

- The deposition of Defendant James Brandenburg, conducted on September 9, 2020;

- Plaintiff's Initial Expert Disclosures, served October 6, 2020;

- Plaintiff's Fourth Supplement to Initial Early Case Conference List of Witnesses and Documents Pursuant to FRCP 26(a)(1);

- Defendants' Expert Disclosures, served October 15, 2020; and

- Defendants' Third Supplement to Their Initial Disclosures Pursuant to F.R.C.P. 26(A)(1); served October 22, 2020.

### III.   REMAINING DISCOVERY

The parties need to disclose rebuttal experts and conduct the depositions of the parties' expert witnesses. Additionally, depositions are needed of Plaintiff's treating physicians and any other percipient witnesses as disclosed in FRCP 16.1 pre-trial disclosures.

KNW 26490

The parties anticipate that they may need to conduct other forms of discovery, though not specified herein, and anticipate doing so on an as needed basis.

## IV. REASONS WHY DISCOVERY SHOULD BE EXTENDED

In light of the current COVID-19 precautions the parties require additional time to disclose rebuttal experts, conduct expert witness depositions, and obtain relevant records. The parties did not request an extension of the rebuttal expert witness disclosure deadline 21 days prior to the subject deadline because they expected to meet the deadline as scheduled. However, due to a last-minute scheduling conflict with Defendants' rebuttal witness beyond the parties' control, the parties informally agreed on November 16, 2020, to extend the rebuttal expert witness disclosure deadline and the discovery deadline by sixty days. This unexpected and unintentional brief continuance constitutes excusable neglect. This request is timely as to the discovery deadline pursuant to L.R. 26-3. This case is not currently set for trial; therefore, no other dates will be affected by the extension of these deadlines. As such, good cause exists to grant the parties' request to extend the rebuttal expert witness disclosure deadline and the discovery deadline by a period of sixty (60) days, as set forth below.

## V. PROPOSED SCHEDULE OF DISCOVERY

The parties request an extension for the remaining discovery deadlines as follows:

|  | Current Deadline: | **Proposed Deadline:** |
|---|---|---|
| Last day to complete discovery: | December 14, 2020 | **February 12, 2021** |
| Last day to amend pleadings/add parties: | September 15, 2020 | **Closed** |
| Initial expert witness disclosures: | October 15, 2020 | **Closed** |
| Rebuttal expert witness disclosures: | November 16, 2020 | **January 15, 2021** |
| Last day to file dispositive motions: | January 13, 2021 | **March 15, 2021** |

KNW 26490

| Trial | TBD | TBD |

Based on upon the foregoing, the parties respectfully request that the above discovery deadlines be continued sixty (60) days as set forth above.

DATED this ___ day of November, 2020        DATED this _19th_ day of November, 2020

ALVERSON TAYLOR & SANDERS                    THE PAUL POWELL LAW FIRM

_____              _/s/ Shane D. Cox, Esq._____
J. BRUCE ALVERSON, ESQ.                       Paul D. Powell, Esq.
Nevada Bar No. 1339                           Nevada Bar No. 7488
KARIE N. WILSON, ESQ.                         Shane D. Cox, Esq.
Nevada Bar No. 7957                           Nevada Bar No. 13852
6605 Grand Montecito Pkwy, Ste. 200           8918 Spanish Ridge Ave., Ste. 100
Las Vegas, NV 89149                           Las Vegas, NV 89148
Attorneys for Defendants                      702-728-5500 Phone
                                              702-728-5501 Fax

**(PROPOSED) ORDER TO EXTEND DISCOVERY**

**IT IS SO ORDERED.**

DATED this _19th_ day of _November_ 2020

_____
U.S. MAGISTRATE JUDGE

Respectfully submitted by:

ALVERSON TAYLOR & SANDERS

_____
J. BRUCE ALVERSON, ESQ.
Nevada Bar No. 1339
KARIE N. WILSON, ESQ.
Nevada Bar No. 7957
6605 Grand Montecito Pkwy, Ste. 200
Las Vegas, NV 89149
702-384-7000 Phone
702-385-7000 Fax
Attorneys for Defendants

k:\z-client\26490\pleadings\sao extend discovery.docx

KNW 26490